**From:** Darin T. Beffa <darin@beffalaw.com>
**Sent:** Thursday, June 10, 2021 3:01 PM
**To:** Shahmeer Halepota <shalepota@AZALAW.COM>
**Cc:** Monica Moussighi <mmoussighi@azalaw.com>; PNS003 <PNS003@azalaw.com>
**Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

You should take nothing from a lack of any further response other than the fact that I have no interest in continuing to go around in circles with you.  You have known since April 26 that Dr. Tajkarimi was objecting to a deposition, and have known since May 14 that he was (unsurprisingly) standing on his objections absent some resolution to the contrary.  Although I am skeptical, I welcome our discussion in a few minutes as to whether there is some reason he should agree to such a contrary resolution.
Darin

Darin T. Beffa
**Beffa Law**
424-262-3332 | darin@beffalaw.com
445 South Figueroa Street, Suite 3100 | Los Angeles, CA 90071

**From:** Shahmeer Halepota <shalepota@AZALAW.COM>
**Sent:** Thursday, June 10, 2021 12:11 PM
**To:** Darin T. Beffa <darin@beffalaw.com>
**Cc:** Monica Moussighi <mmoussighi@azalaw.com>; PNS003 <PNS003@azalaw.com>
**Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

Darin:

Our position is clear:  we wish to enforce our subpoena.  This is my fourth request for a clear statement on your position ahead of our meet and confer.  Are you willing to produce Mr. Flores, Dr. Tajkarimi, or Mr. Hopper before June 30.  For each witness, please kindly provide under what circumstances you would be agreeable to producing them.  If you answer is no, please simply state so.  We will take a lack of a direct answer as a "no."

Best,

SHAHMEER HALEPOTA
*Attorney*





713-600-4953  |  800.856.8153
1221 McKinney Suite 2500
Houston, Texas 77010
vCard  |  Profile
**AZALAW.COM**

The information contained in this message is privileged, confidential and intended only for the use of the addressee. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of the message is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and return the original message to the sender at the above e-mail address. Thank you.

**From:** Darin T. Beffa <darin@beffalaw.com>
**Sent:** Thursday, June 10, 2021 2:07 PM
**To:** Shahmeer Halepota <shalepota@AZALAW.COM>
**Cc:** Monica Moussighi <mmoussighi@azalaw.com>; PNS003 <PNS003@azalaw.com>
**Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

Shahmeer,

Your repeated requests every 15 minutes in an attempt to manufacture evidence are unavailing. I do not know your positions, and therefore do not currently have anything to add to the clear written responses to the subpoenas that you have already received. We'll see where the discussion takes us.

Darin

Darin T. Beffa
**Beffa Law**
424-262-3332  |  darin@beffalaw.com
445 South Figueroa Street, Suite 3100  |  Los Angeles, CA 90071

**From:** Shahmeer Halepota <shalepota@AZALAW.COM>
**Sent:** Thursday, June 10, 2021 11:43 AM
**To:** Darin T. Beffa <darin@beffalaw.com>
**Cc:** Monica Moussighi <mmoussighi@azalaw.com>; PNS003 <PNS003@azalaw.com>
**Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

Following-up on the below ahead of our meet and confer. We would appreciate a "yes" or a "no" to understand your position.

Best,



**SHAHMEER HALEPOTA**
*Attorney*
713-600-4953  |  800.856.8153
1221 McKinney Suite 2500
Houston, Texas 77010
vCard  |  Profile
**AZALAW.COM**

The information contained in this message is privileged, confidential and intended only for the use of the addressee. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of the message is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and return the original message to the sender at the above e-mail address. Thank you.

**From:** Shahmeer Halepota
**Sent:** Thursday, June 10, 2021 11:23 AM
**To:** Darin T. Beffa <darin@beffalaw.com>
**Cc:** Monica Moussighi <mmoussighi@azalaw.com>; PNS003 <PNS003@azalaw.com>
**Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

Darin:

This is my third request. Are you willing to present Mr. Flores, Dr. Tajkarimi, and Mr. Hopper before June 30? Please kindly respond "yes" or "no" so we have your clear position ahead of the meet and confer.

Best,



**SHAHMEER HALEPOTA**
*Attorney*
713-600-4953  |  800.856.8153
1221 McKinney Suite 2500
Houston, Texas 77010
vCard  |  Profile
**AZALAW.COM**

The information contained in this message is privileged, confidential and intended only for the use of the addressee. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of the message is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and return the original message to the sender at the above e-mail address. Thank you.

**From:** Darin T. Beffa <darin@beffalaw.com>
**Sent:** Thursday, June 10, 2021 11:21 AM
**To:** Shahmeer Halepota <shalepota@AZALAW.COM>
**Cc:** Monica Moussighi <mmoussighi@azalaw.com>; PNS003 <PNS003@azalaw.com>

**Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

Shahmeer,

The status is that Drs. Tajkarimi and Flores have served their responses to your subpoenas, and I look forward to discussing any issues you would like to raise.

Darin

Darin T. Beffa
**Beffa Law**
424-262-3332 | darin@beffalaw.com
445 South Figueroa Street, Suite 3100 | Los Angeles, CA 90071

---

**From:** Shahmeer Halepota <shalepota@AZALAW.COM>
**Sent:** Thursday, June 10, 2021 8:41 AM
**To:** Darin T. Beffa <darin@beffalaw.com>
**Cc:** Monica Moussighi <mmoussighi@azalaw.com>; PNS003 <PNS003@azalaw.com>
**Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

Darin:

Following-up on the below. We would appreciate a clear response regarding your position.

Best,



**SHAHMEER HALEPOTA**
*Attorney*
713-600-4953 | 800.856.8153
1221 McKinney Suite 2500
Houston, Texas 77010
vCard | Profile
**AZALAW.COM**

The information contained in this message is privileged, confidential and intended only for the use of the addressee. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of the message is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and return the original message to the sender at the above e-mail address. Thank you.

---

**From:** Shahmeer Halepota <shalepota@AZALAW.COM>
**Sent:** Wednesday, June 9, 2021 5:38 PM
**To:** Darin T. Beffa <darin@beffalaw.com>
**Cc:** Monica Moussighi <mmoussighi@azalaw.com>; PNS003 <PNS003@azalaw.com>
**Subject:** Re: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices,

Inc., et al v. Robert Cornell, MD, et al.

Darin:

We can speak at 3 PM Houston time.  Please confirm whether you will be making any of your clients (Mr. Tajkarimi, Mr. Hopper, and Mr. Flores) available for deposition beforr June 30 so we have a clear written record ahead of the meet and confer.

Best,
Shahmeer


> On Jun 9, 2021, at 5:32 PM, Darin T. Beffa <darin@beffalaw.com> wrote:
>
>
> I feel as though I am constantly forced to repeat myself here.  The compromise offer I have repeatedly made is for Mr. Hopper to be deposed under Rule 45 if your motion for leave is denied and once any remaining document issues are resolved.  If the motion is granted, you are free to seek discovery under rules applicable to parties.  The offer is only good if you drop your hot-and-cold threats of filing motions.
>
> Although any urgency is of your own making, and I am weary of your false deadlines, I am available tomorrow afternoon until 5pm PT for a conference regarding Drs. Flores and Tajkarimi.  Please confirm a time.
>
> Darin
>
> Darin T. Beffa
> **Beffa Law**
> 424-262-3332 | darin@beffalaw.com
> 445 South Figueroa Street, Suite 3100 | Los Angeles, CA 90071
>
> **From:** Monica Moussighi <mmoussighi@azalaw.com>
> **Sent:** Wednesday, June 9, 2021 12:46 PM
> **To:** Darin T. Beffa <darin@beffalaw.com>
> **Cc:** Ryan Baker <rbaker@waymakerlaw.com>; mmeister@waymakerlaw.com; mchan@waymakerlaw.com; estierwalt@waymakerlaw.com; Brian Grace <bgrace@waymakerlaw.com>; Scott Malzahn <smalzahn@waymakerlaw.com>; PNS003 <PNS003@azalaw.com>
> **Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.
>
> Darin,
>
> Please provide me with what your "reasonable offer of compromise is," and please

provide a time when you are available to speak today. We have been unsuccessfully attempting to meet and confer with you for over 2 weeks now.

Kind regards,
Monica

On Jun 9, 2021 1:12 PM, "Darin T. Beffa" <darin@beffalaw.com> wrote:

> Monica,
>
> I will not further burden the court with your petty bickering, but there are some things I should point out to you. In general, I think it would behoove you if the lawyers at your firm read the correspondence that is sent to you more carefully.
>
> - I stated only that I was unfamiliar with the detailed processes in the case. I do not have all the orders and correspondence in the case, and do not know whether the Court wants or requires submissions before an IDC. It was a simple request. As you are aware, the generic procedures on the Court's website do not discuss what, if any, submissions the Court prefers.
> - I stated only that an IDC **today** was inappropriate and infeasible. Given that it is after 11am and the Court has not responded, I suspect the Court agrees.
> - Your last email to me about Dr. Tajkarimi—sent Saturday night at 11pm PT—ended by saying that a non-response would be my agreement that no conference of counsel had taken place. I did agree with that, and therefore did not respond—as you requested. I had not heard from you since until the cold call yesterday. We still have not conferred.
> - On the call yesterday, I questioned not only why you would proceed to motion practice without the IDC you have been proposing for weeks, but **also** why you would do so without conferring about the objections raised to Dr. Tajkarimi's deposition. Perhaps you have your reasons, but you did not state any. Nor did you suggest by the end of our call that you would be requesting an IDC (much less an IDC today).
> - I did not state that we would fight the subpoenas on every available ground if you did not first seek an IDC. I stated that we would fight the subpoenas on every available ground if you refused to accept my reasonable offer of compromise (or reach some alternative compromise) and instead forced a response to a motion—whether or not you conduct an IDC or do anything else before such a motion.
> - As you have previously recognized, the Central District of California has no authority to order anything related to the Tajkarimi and Hopper subpoenas, much less at an informal discovery conference. As I explained to the Court in my email, Dr. Tajkarimi and Mr. Hopper do not consent to any jurisdiction other than for purposes of discussing informal resolution.
>
> You should feel free to take whatever actions you deem necessary and appropriate in accordance with applicable rules. But you should not mischaracterize my words or our previous discussions. There is a reasonable

compromise that is currently on the table.  At some point, however, my clients and I will simply oppose any further compliance with the subpoenas on every viable procedural and substantive basis.  Your baseless arguments and constant self-contradiction have already been an enormous waste of time.

Darin

Darin T. Beffa
**Beffa Law**
424-262-3332 | darin@beffalaw.com
445 South Figueroa Street, Suite 3100 | Los Angeles, CA 90071

---

**From:** Monica Moussighi <mmoussighi@azalaw.com>
**Sent:** Wednesday, June 9, 2021 9:42 AM
**To:** Darin T. Beffa <darin@beffalaw.com>; RAO_Chambers@cacd.uscourts.gov
**Cc:** PNS003 <PNS003@azalaw.com>; Ryan Baker <rbaker@waymakerlaw.com>; mmeister@waymakerlaw.com; mchan@waymakerlaw.com; estierwalt@waymakerlaw.com; Brian Grace <bgrace@waymakerlaw.com>; Scott Malzahn <smalzahn@waymakerlaw.com>
**Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

Judge Oliver:

Defendants respectfully seek to correct certain misrepresentations in Mr. Beffa's correspondence:

- Mr. Beffa states he is unfamiliar with this case.  Mr. Beffa currently represents four non-parties and has defended two multi-hour depositions (Mr. Louie and Mr. Varner) in this case.

- Mr. Beffa states he is unfamiliar with the Court's processes.  On May 5, Mr. Beffa wrote:  "please let me know whether your Magistrate Judge has any preferences or protocols for IDCs."  Counsel for Defendant provided Mr. Beffa a link to Judge Oliver's rules the same day (Email 1).

- Mr. Beffa states an IDC is unfeasible.  On May 27, Mr. Beffa wrote he was prepared for an IDC to take place on June 3 or 4.

- Mr. Beffa states that no meet and confer has taken place regarding Dr. Tajkarimi and that the only dates offered for such a meet and confer were over the memorial day weekend.  Emails 2 and 3 are our unanswered attempts to get clarification on Mr. Beffa's position and hold a third meet and

confer on the issue.  We specifically told Mr. Beffa we were available June 2 and 3 (following Memorial Day).  We received no response.

Regarding yesterday's attempted meet and confer, Mr. Beffa repeatedly in the phone call with Ms. Peck expressed his concern as to why Defendants would proceed with motion practice to show cause for non-compliance with deposition subpoenas on Dr. Tajkarimi's and Mr. Hopper's part in the Eastern District of Virginia and the District of Minnesota **without first seeking resolution during an Informal Discovery Conference.**  Mr. Beffa stated that if Defendants wanted to bypass the IDC process, he would fight the motions to compel/for contempt on every possible ground, as he is entitled to do.  His emphasis throughout the phone call was that an IDC would be the preferable way to resolve the pending issues.

Defendants, for the reasons stated in their request for an IDC,  believe that an IDC may offer guidance and resolution for the taking of these two non-party depositions pursuant to the subpoenas issued by Defendants.  These two depositions have been sought within the discovery period allowed by the Court and they remain within the stipulated period for depositions agreed by the parties.  The Court should order them to be held prior to June 30, the current deadline for depositions in this case, for all the reasons Defendants have previously urged.

Defendants appreciate your attention to these issues and respectfully request an IDC at your earliest convenience.  We are happy to coordinate scheduling with Mr. Beffa and Plaintiffs' counsel over the next few days.

Best,



**MONICA MOUSSIGHI**
*Associate*
713-600-4918  |  800.856.8153
1221 McKinney Suite 2500
Houston, Texas 77010
**AZALAW.COM**

The information contained in this message is privileged, confidential and intended only for the use of the addressee. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of the message is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and return the original message to the sender at the above e-mail address. Thank you.

**From:** Darin T. Beffa <darin@beffalaw.com>
**Sent:** Tuesday, June 8, 2021 9:30 PM
**To:** Monica Moussighi <mmoussighi@azalaw.com>; RAO_Chambers@cacd.uscourts.gov
**Cc:** PNS003 <PNS003@azalaw.com>; Ryan Baker

<rbaker@waymakerlaw.com>; mmeister@waymakerlaw.com; mchan@waymakerlaw.com; estierwalt@waymakerlaw.com; Brian Grace <bgrace@waymakerlaw.com>; Scott Malzahn <smalzahn@waymakerlaw.com>
**Subject:** RE: Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

Magistrate Judge Oliver,

With due respect to opposing counsel, I need to correct the record. There are many misstatements in the email, but, consistent with my understanding of typical practice in this District, I will not respond to most of them in this format unless requested to do so by the Court. I will contain my comments to the logistics of scheduling a conference with Your Honor.

First, this is the first I've heard of any proposal to have an informal discovery conference tomorrow. That date was never proposed to me in any fashion. In fact, the conversation I had with Ms. Peck this afternoon involved her informing me that she intended to bypass any IDC process (and, as explained below, any conference of counsel on certain issues) and proceed straight to motion practice. I do not believe the timing of a conference tomorrow is appropriate or feasible.

Second, in discussing Mr. Hopper's deposition, I informed Defendants' counsel that he would be willing to have an informal conference to see if Your Honor could mediate a resolution or provide a mutually acceptable solution. Mr. Hopper, a Minnesota resident, did not consent to jurisdiction in the Central District for any other purpose.

And third, the parties have not yet conferred about Dr. Tajkarimi's objections to sitting for a deposition. Indeed, when *I* proposed that the parties confer after Defendants' threats of motion practice, Defendants' counsel stated that their only availability was over the Memorial Day holiday weekend—a weekend over which I was unavailable. And on our call today, Ms. Peck was once again unprepared to substantively discuss any of the objections raised by Dr. Tajkarimi. I have little to no understanding of why Defendants believe any of the objections to the deposition are improper (much less *all* of them)—and, thus, I have limited ability to respond to any such arguments. I have repeatedly suggested that the parties confer before any informal conference is arranged. (Dr. Tajkarimi is also not a resident of this state and would consent to a conference with Your Honor solely for the purpose of informally exploring paths to mutually agreeable resolution.)

If, notwithstanding the foregoing, the Court believes that an informal conference is appropriate on any or all of the issues raised by Defendants, I would request that the Court provide its availability to counsel so that we can pick a mutually agreeable date. Not being familiar with this case or the Court's processes, I would also ask that the Court provide any instructions for requested submissions either at or before any such conference.

Respectfully,
Darin Beffa

Darin T. Beffa
**Beffa Law**
424-262-3332 | darin@beffalaw.com
445 South Figueroa Street, Suite 3100 | Los Angeles, CA 90071

---

**From:** Monica Moussighi <mmoussighi@azalaw.com>
**Sent:** Tuesday, June 8, 2021 4:24 PM
**To:** RAO_Chambers@cacd.uscourts.gov
**Cc:** PNS003 <PNS003@azalaw.com>; Ryan Baker <rbaker@waymakerlaw.com>; mmeister@waymakerlaw.com; mchan@waymakerlaw.com; estierwalt@waymakerlaw.com; Brian Grace <bgrace@waymakerlaw.com>; Scott Malzahn <smalzahn@waymakerlaw.com>; Darin T. Beffa <darin@beffalaw.com>
**Subject:** Request for IDC in Case No. CV 20-03503-CBM (RAOx); International Medical Devices, Inc., et al v. Robert Cornell, MD, et al.

Judge Oliver:

Pursuant to your courtroom procedures, we are respectfully requesting an Informal Discovery Conference for **tomorrow, June 9th, 2021,** concerning two noticed and subpoenaed non-party depositions.

Darin Beffa, counsel for both non-parties (copied on this email) has verbally agreed (via a telephone conversation with my colleague Karen Peck earlier today) to appear before you on behalf of both witnesses in an effort to resolve the disputes. Indeed, Mr. Beffa indicated that appearing before you was a preferable first step to resolving this dispute before Defendants take the next step to file, under Rule 45(g), ancillary proceedings to show cause and for contempt against the two witnesses in the Eastern District of Virginia and the District of Minnesota, both of which possibly thereafter could be transferred back to this Court for resolution.

**Background and Description of the Dispute.**

1. **Thomas Hopper's subpoenaed deposition.** Thomas Hopper is the President of Gesiva Medical, the sole distributor of Plaintiffs' Penuma device, and is a resident of Minnesota. Defendants served the notice of his deposition on March 30, 2021, setting the deposition for May 14, 2021. Mr. Hopper's counsel, Darin Beffa, agreed on April 14 to accept service of the subpoena for Mr. Hopper. Mr. Hopper's response and objections were served on April 21st. Thereafter,

counsel for Defendants and Mr. Hopper agreed in writing via email that the deposition would occur via Zoom on May 24, 2021.

In mid-May, a dispute arose concerning whether certain of the subpoenaed documents would be produced prior to the deposition. Defendants' counsel advised that the deposition would go forward on the 24th, and that a second deposition could be required if documents were not timely produced. Mr. Hopper's counsel responded that he understood that Defendants were not ready to proceed with the deposition on the 24th and that he was taking it off calendar. Counsel for Defendants immediately responded that the deposition was not cancelled and would proceed. Despite several further statements from Defendants that the deposition was going forward (including a commitment made on May 20th not to take a second deposition), Mr. Hopper did not appear on the 24th and a reporter's certificate was made.

Mr. Hopper contends the unilateral cancellation was justified because Defendants requested additional documents and because, as part of the meet and confer process, his counsel learned that Defendants were seeking leave to amend and file counterclaims, including claims against Gesiva Medical based on many actions taken by Mr. Hopper. His counsel contends that the deposition should not occur until after the motion for leave to amend to add counterclaims has been ruled upon – which (as the hearing is set for July 8th) will be after the deadline for completing depositions, which the parties by agreement have extended until June 30th. He also has stated, to our understanding (but he needs to confirm this personally) that he would produce Mr. Hopper after the deposition deadline, once the rules were clear whether Mr. Hopper were appearing as a party witness (presumably on behalf of Gesiva) or as a non-party) – but there would need to be judicial permission for any such deposition to occur after the deadline.

Defendants respond that the documents requested were not new but rather were part of the efforts to reach a compromise on the disputed document requests in the subpoena (and in fact are fully covered by RFPs 31-36 in the subpoena). Further, Defendants are unaware of any authority that the filing of a counterclaim allows a person unilaterally to cancel a deposition, much less refuse to appear until after the Court has ruled on the motion for leave to amend. Complaints and Answers may routinely be amended,

subject to scheduling orders, while discovery is ongoing. The deposition of Mr. Hopper should be scheduled before the close of depositions in June.

2. **The subpoenaed deposition of Kambiz Tajkarimi, M.D.** Kambiz Tajkarimi, M.D., is a resident of the Eastern District of Virginia. Dr. Tajkarimi is a prosthetic urologist, a purchaser of IMD's Penuma device, and, by his own description, one of the highest volume implanters in the country.

On September 11, 2020, Dr. Tajkarimi submitted a Citizen Petition to the FDA asking that the FDA refrain from granting clearance or approval to the Augmenta penile implant at issue in this litigation. One of his grounds for non-approval was Dr. Cornell's alleged theft of IMD's trade secrets to develop Augmenta. This allegation was specifically based on Plaintiffs' claims this lawsuit – which Dr. Tajkarimi identified by name and cause number. He further disparaged Augmenta by contending that it has a history of disregarding FDA regulations, which allegation was likewise specifically based on Plaintiffs' claims in this lawsuit, all of which Defendants vigorously dispute. Based on the Citizen Petition, Dr. Tajkarimi is a fact witness in the current dispute.

On March 30, 2021 Defendants served their notice of intent to take the deposition of Dr. Tajkarimi on May 28, 2021, and issued a subpoena for the deposition and accompanying document request. Personal service of the subpoena was made on April 2, 2021. Defendants granted Dr. Tajkarimi's counsel, Darin Beffa, an extension of time to respond, and he served responses and objections on April 26, 2021.

Based on his objections, described below, Dr. Tajkarimi is refusing altogether to appear for a deposition. Despite multiple requests for a meet and confer, and requests that he confirm that his client either will or will not appear at any time for a deposition, his counsel has repeatedly responded only that he is standing by his objections and has never conceded that meet and confer obligations have occurred, even though he remains unwilling, under any circumstances known to Defendants, to produce his client for deposition. In particular, despite numerous requests, he has never provided any deposition dates for Dr. Tajkarimi. Per his conversation with Karen Peck of my office today, he believes the

objections should be discussed, but also that this issue should come to the Magistrate before Defendants take up any motion practice. Notably, Dr. Tajkarimi's only general objections directly pertaining to the deposition are in essence:

>    A) this case was filed in April 2020, and he is a busy practicing surgeon with no time for a deposition before the discovery cut-off, even though by stipulation depositions continue through June 30;
>
>    B) he has no relevant information that cannot be obtained by other means, and the subpoena was intended solely to harass him based on his submission of the Citizen Petition;
>
>    C) the subpoena is an impermissible attempt to obtain expert opinions without paying for them; and
>
>    D) the date for deposition was unilaterally chosen and he is not available on that date.

In response, as documented above, Defendants have consistently been willing to work with counsel on a mutually acceptable date, but counsel will not provide one. Dr. Tajkarimi's testimony is relevant to this litigation based on his written statement to the FDA professing knowledge of Defendants' supposed theft of trade secrets and false representations and advertising—all issues raised by Plaintiffs in this case. Likewise, his written opinion provided to the FDA that Defendants' product Augmenta is dangerous is relevant to Plaintiffs' ability to claim damages for theft of trade secrets that supposedly were used to create a dangerous product.

Thus, while Dr. Tajkarimi is named as a Counter-Defendant in Defendant's proposed Counterclaims, his testimony is relevant regardless of whether the counterclaims are allowed after the July 8th hearing on Defendants' Motion for Leave to Amend. Defendants are aware of no authority that allows witnesses unilaterally to decline to be deposed while counterclaims are being considered.

Further, Dr. Tajkarimi's General Objection No. 3—that the subpoena is an impermissible attempt to obtain "free" expert testimony—is a red herring. Defendants seek Dr. Tajkarimi's testimony as a fact witness and are retaining their own expert witnesses as required. In no way can the subpoena be viewed as an effort by Defendants to bypass their own obligations to retain experts. In any event, given their opposing views on the qualities and attributes of the Penuma and Augmenta devices, Dr. Tajkarimi cannot realistically contend that Defendants would retain him as

an expert in this field.

Finally, the fact that Dr. Tajkarimi is a busy surgeon does not entitle him to disregard a lawfully served subpoena, especially when he was provided almost two full months' notice of his deposition and Defendants are willing to work with him on mutually acceptable dates, including weekends (notably, Plaintiff Dr. Elist was deposed on a Sunday).

Based on the foregoing, Defendants respectfully request an IDC with the Magistrate Judge at the earliest possible date on these two depositions and Defendants' request that they be scheduled prior to the deposition deadline of June 30, 2020.

Respectfully submitted,

Monica Moussighi



**MONICA MOUSSIGHI**
*Associate*
713-600-4918  |  800.856.8153
1221 McKinney Suite 2500
Houston, Texas 77010
**AZALAW.COM**

The information contained in this message is privileged, confidential and intended only for the use of the addressee. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of the message is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and return the original message to the sender at the above e-mail address. Thank you.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be

unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.